IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| DARRIN CURTIS | ) |
| Plaintiff, | ) |
| v. | ) Case No.: _____ |
| | ) JURY TRIAL DEMANDED |
| MICHAEL JAMES DOUGHERTY, | ) |
| 3013 Roderick St. | ) |
| Morgan, LA 70380 | ) |
| and | ) |
| UNITED STATES OF AMERICA, | ) |
| Defendants. | ) |

## COMPLAINT

**COMES NOW** the Plaintiff, DARRIN CURTIS, by counsel, and moves for judgment against the Defendants, MICHAEL JAMES DOUGHERTY and the UNITED STATES OF AMERICA, on the grounds and in the amounts as set forth below.

### PARTIES

1. Plaintiff, Darrin Curtis (hereinafter Plaintiff), is a resident of the Commonwealth of Virginia at all relevant times hereto.

2. Defendant, Michael James Dougherty (hereinafter Defendant Dougherty), is a resident of the State of Louisiana.

3. Defendant Dougherty at all relevant times hereto, held the rank of Commander in the United States Coast Guard (hereinafter Coast Guard).

1

4. The Coast Guard is a branch of the Armed Forces of the United States of America, operates under the United States Department of Homeland Security, a federal executive department, and is an agency of the United States government.

5. Defendant, the United States of America, is a body politic, which for purposes of this litigation operates through its executive branch the Department of Homeland Security, charged with the protection and security of the nation including operation of the Coast Guard, an agency of the government, to ensure safety and security of the nation's coastline and waterways.

6. Defendant Dougherty at all relevant times hereto, was an employee and agent of the Coast Guard on the date and at the time of the incident as further described in this Complaint, was an employee and agent of the Defendant, the United States of America, and was acting in the course and scope of his employment with the Coast Guard and the United States of America, at the time of this incident.

**JURISDICTION AND VENUE**

7. Count I, II, III, and IV of this Complaint arise under 28 U.S.C. §1332 (diversity jurisdiction), as the Plaintiff and Defendant Dougherty are citizens of different states and the amount in controversy exceeds $75,000.00.

8. Count V of this Complaint arises under the Federal Tort Claims Act, 28 U.S.C. § 2671, et seq., and the Plaintiff has complied with all administrative prerequisites to the institution of the suit.

9. Venue is proper pursuant to 28 U.S.C. § 1402(b), in that the acts or omissions complained of occurred in Loudoun County, Virginia, which is within the

judicial district of the United States District Court for the Eastern District of Virginia and is within the geographical boundaries of the Alexandria division.

## BACKGROUND FACTS

10. The Plaintiff, an adult citizen and resident of the Commonwealth of Virginia, was a pedestrian who was struck by a motor vehicle being operated by Defendant Dougherty on September 27, 2020, in Loudoun County, Virginia (the incident).

11. On September 27, 2020, at or around 5:18 p.m., the Plaintiff was doing his routine daily walk within his residential neighborhood (Beacon Hill Community) which brought him to the shoulder area/painted safety gore of Hidden Gap Road, near the exit to Hidden Gap Road from westbound Route 7/Harry Bird Highway, in Loudoun County, Virginia.

12. At the same time and place, Defendant Dougherty was driving a motor vehicle westbound on Route 7/Harry Bird Highway in the far left lane approaching the exit for Hidden Gap Road.

13. Route 7/Harry Bird Highway at its intersection with Hidden Gap Road is a divided Highway with three westbound through lanes with a speed limit of 55 m.p.h. and a right turn only lane to exit onto Hidden Gap Road.

14. As Defendant Dougherty neared the exit for Hidden Gap Road, he suddenly turned his motor vehicle sharply to the right and drove from the far left lane across the center through lane, the right through lane, and the right turn only exit lane for Hidden Gap Road, across solid white and yellow traffic lines, partially across a raised concrete traffic island, through flexible post delineators, and across a painted

safety gore area on the shoulder of Hidden Gap Road, striking and injuring the Plaintiff, and only stopping when his vehicle struck an embankment.

15. At the time of the incident, Defendant Dougherty was and had been operating his motor vehicle while intoxicated due to his consumption of alcohol.

16. At the scene of the incident, prior to the arrival of the police or rescue, Defendant Dougherty made no effort to assist or render any aid to the Plaintiff.

17. The incident was investigated by deputies of the Loudoun County Sheriff's Department.

18. At the scene, a deputy smelled the odor of alcohol emanating from Defendant Dougherty and saw that he was slurring his speech and was unsteady on his feet.

19. An empty bottle of 100 proof vodka was found in Defendant Dougherty's backpack that was removed from his vehicle.

20. A second, similar empty bottle of 100 proof vodka was found near Defendant Dougherty's vehicle at the scene, after being discarded by Defendant Dougherty.

21. At the scene, Defendant Dougherty denied consuming alcohol, refused to answer questions from the deputy, and refused to perform field sobriety tests requested by the deputy.

22. Defendant Dougherty was arrested for driving under the influence of alcohol or while intoxicated pursuant to Va. Code § 18.2-266.

23. After his arrest, the deputy requested that Defendant Dougherty provide a sample of his breath to be taken and tested to determine the alcohol content of his blood pursuant to Va. Code §18.2-268.2.

24. Defendant Dougherty refused the breath test without reason.

25. Defendant Dougherty's refusal to voluntarily submit to a breath test forced the deputy to obtain a search warrant to require Defendant Dougherty to submit to a blood test.

26. The blood test indicated that Defendant Dougherty had a blood alcohol concentration of .269 percent by weight by volume at the time of the incident.

27. As a result of the incident, Defendant Dougherty was charged with unreasonable refusal to give a breath test in violation of Va. Code § 18.2-268.3 and with driving while intoxicated in violation of Va. Code §18.2-266.

28. On March 23, 2021, Defendant Dougherty pled guilty in Loudoun County General District Court to a charge of driving while intoxicated arising out of this incident.

29. Defendant Dougherty pled guilty to driving while intoxicated, because he was, in fact, guilty of driving while intoxicated related to this incident.

30. At the time of the incident, Defendant Dougherty was on active duty and was travelling under orders from the Coast Guard to Martinsburg, West Virginia for a special mission on a temporary assignment on behalf of the Coast Guard away from his permanent duty station.

31. At the time of the incident, Defendant Dougherty was driving on behalf, and for the benefit, of the Coast Guard to Martinsburg, West Virginia, and was acting

within the course and scope of his employment with the Coast Guard and the Defendant, the United States of America.

33. As a result of being struck by the Defendant Dougherty's vehicle, the Plaintiff suffered severe and permanent injuries.

## COUNT I
## Negligence Claim against Defendant Michael James Dougherty

33. All preceding paragraphs are hereby incorporated by reference, as if set forth fully herein.

34. At and about the time and place of the incident, Defendant Dougherty had a duty to operate his motor vehicle in a manner free from negligence, with ordinary care, and with due regard for the safety of others, to wit: Defendant Dougherty had a duty to maintain proper control of his motor vehicle, to keep a proper lookout for vehicles, things and pedestrians, to pay full time and attention to his driving, to operate his vehicle on the travelled portion of the roadway, to refrain from driving his motor vehicle while intoxicated, to refrain from driving his motor vehicle in a manner so as to endanger the life, limb, or property of any person, and to obey all applicable laws, ordinances and rules of the road.

35. Notwithstanding and in breach of these duties, Defendant Dougherty recklessly, carelessly and negligently operated his motor vehicle in that he failed to maintain proper control of his vehicle, failed to maintain a proper lookout for persons/conditions that would affect the operation of his motor vehicle and see what a reasonable person would have seen, failed to pay full time and attention to the operation of his motor vehicle, drove his motor vehicle in a manner so as to endanger the life and limb of the Plaintiff, drove his vehicle off of the traveled portion of the road

6

and struck the Plaintiff, drove his vehicle while intoxicated or under the influence of alcohol, drove his motor vehicle in violation of applicable laws, ordinances and rules of the road, and was otherwise negligent.

36. Defendant Dougherty was also negligent per se in that he failed to obey applicable laws and ordinances governing the operation of a motor vehicle in the Commonwealth of Virginia at the time of the incident, to wit: he violated Va. Code § 18.2-266 in that he drove his motor vehicle while intoxicated, Va. Code § 46.2-852 in that he drove his motor vehicle recklessly, Loudoun County Code § 466.07 in that he failed to give full time and attention to his driving, and Loudoun County Code § 466.08 in that he failed to keep his motor vehicle under proper control.

37. As a proximate result of said negligence, the Plaintiff sustained severe injuries and suffered damages, including but not limited to, pain and suffering, mental anguish, inconvenience, scarring/disfigurement, medical expenses, disability, and will continue to suffer such damages in the future.

38. In addition, The Plaintiff has expended, and will continue to expend in the future, sums for medical care and treatment, medicines, physical therapy and other medical-related expenses, all of which were directly and proximately caused by the negligence of Defendant Dougherty.

39. The Plaintiff demands a trial by jury on all issues.

WHEREFORE, the Plaintiff, Darrin Curtis, demands judgment against the Defendant, Michael James Dougherty, in amount of FIVE MILLION DOLLARS ($5,000,000.00) for compensatory damages on COUNT I.

## COUNT II
### Statutory Punitive Damages for BAC above .15%

40. All preceding paragraphs are hereby incorporated by reference, as if set forth fully herein.

41. At the time of the incident, Defendant Dougherty had a blood alcohol concentration of .269 percent by weight by volume.

42. At the time Defendant Dougherty began drinking alcohol and/or during the time he was drinking alcohol, he knew or should have known that his ability to operate a motor vehicle would be impaired.

43. At the time Defendant Dougherty was operating his motor vehicle, he knew or should have known that his ability to operate a motor vehicle was impaired.

44. Defendant Dougherty's intoxication was a proximate cause of the incident and Plaintiff's injuries and damages.

45. The conduct of the Defendant Dougherty at the time of the incident was willful, wanton, and in conscious disregard for the rights of others including the Plaintiff pursuant to Va. Code § 8.01-44.5.

46. Defendant Dougherty is therefore liable for an award of punitive damages.

47. As a proximate result of said willful and wanton conduct, as previously stated, the Plaintiff sustained severe injuries and suffered damages, including but not limited to, pain and suffering, mental anguish, inconvenience, scarring/disfigurement, medical expenses, disability, and will continue to suffer such damages in the future.

48. In addition, The Plaintiff has expended, and will continue to expend in the future, sums for medical care and treatment, medicines, physical therapy and other

medical-related expenses, all of which were directly and proximately caused by the conduct of Defendant Dougherty, as previously stated.

WHEREFORE, the Plaintiff, Darrin Curtis, demands judgment against the Defendant, Michael James Dougherty, in amount of THREE HUNDRED AND FIFTY THOUSAND DOLLARS ($350,000.00) for punitive damages on COUNT II.

## COUNT III
### Statutory Punitive Damages for Unreasonable Refusal

49. All preceding paragraphs are hereby incorporated by reference, as if set forth fully herein.

50. Defendant Dougherty's refusal to submit to a breath test as requested by the investigating deputy after the incident was unreasonable and was an attempt to hide, and deny to the authorities and the Plaintiff, evidence of the existence, level and degree of his intoxication.

51. The conduct of Defendant Dougherty at the time of the incident was willful, wanton, and in conscious disregard for the rights of others including the Plaintiff pursuant to Va. Code § 8.01-44.5.

52. Defendant Dougherty is therefore liable for an award of punitive damages.

53. As a proximate result of said willful and wanton conduct, as previously stated, the Plaintiff sustained severe injuries and suffered damages, including but not limited to, pain and suffering, mental anguish, inconvenience, scarring/disfigurement, medical expenses, disability, and will continue to suffer such damages in the future.

54. In addition, The Plaintiff has expended, and will continue to expend in the future, sums for medical care and treatment, medicines, physical therapy and other

medical-related expenses, all of which were directly and proximately caused by the conduct of Defendant Dougherty, as previously stated.

WHEREFORE, the Plaintiff, Darrin Curtis, demands judgment against the Defendant, Michael James Dougherty, in amount of THREE HUNDRED AND FIFTY THOUSAND DOLLARS ($350,000.00) for punitive damages on COUNT III.

### COUNT IV
### Common Law Punitive Damages

55. All preceding paragraphs are hereby incorporated by reference, as if set forth fully herein.

56. Defendant Dougherty knew or should have known that driving his motor vehicle while intoxicated posed an unreasonable risk of harm to others yet he voluntarily consumed a large quantity of alcohol such that his blood alcohol level was more than three times the legal limit at the time of the incident.

57. Defendant Dougherty's continued driving of his vehicle while extremely intoxicated, in spite of such knowledge of the danger that this posed to others, and then engaging in egregious driving behavior amounts to willful and wanton conduct.

58. As a proximate result of said willful and wanton conduct, as previously stated, the Plaintiff sustained severe injuries and suffered damages, including but not limited to, pain and suffering, mental anguish, inconvenience, scarring/disfigurement, medical expenses, disability, and will continue to suffer such damages in the future.

59. In addition, The Plaintiff has expended, and will continue to expend in the future, sums for medical care and treatment, medicines, physical therapy and other

medical-related expenses, all of which were directly and proximately caused by the conduct of Defendant Dougherty, as previously stated.

WHEREFORE, the Plaintiff, Darrin Curtis, demands judgment against the Defendant, Michael James Dougherty, in amount of THREE HUNDRED AND FIFTY THOUSAND DOLLARS ($350,000.00) for punitive damages on COUNT IV.

## COUNT V
### FTCA Claim of Negligence against the Defendants United States of America And Michael James Dougherty

60. All preceding paragraphs are hereby incorporated by reference, as if set forth fully herein.

61. At the time of the incident, Defendant Dougherty was acting within the course and scope of his employment with the Coast Guard and the United States of America.

62. The United States of America is therefore vicariously liable for the damages sustained by the Plaintiff under the doctrine of respondeat superior and pursuant to the Federal Tort Claims Act, 28 U.S.C. §2671-2680.

63. At and about the time and place of the incident, Defendant United States of America, through its employee/agent Defendant Michael James Dougherty, had a duty to operate the motor vehicle involved in this incident in a manner free from negligence, with ordinary care, and with due regard for the safety of others, to wit: the driver Defendant Michael James Dougherty had a duty to maintain proper control of his motor vehicle, to keep a proper lookout for vehicles, things and pedestrians, to pay full time and attention to his driving, to operate his vehicle on the travelled portion of the roadway, to refrain from driving his motor vehicle while intoxicated, to refrain from

11

driving his motor vehicle in a manner so as to endanger the life, limb, or property of any person, and to obey all applicable laws, ordinances and rules of the road.

64. Notwithstanding and in breach of these duties, Defendant United States of America through its employee/agent Defendant Dougherty recklessly, carelessly and negligently operated his motor vehicle in that he failed to maintain proper control of his vehicle, failed to maintain a proper lookout for persons/conditions that would affect the operation of his motor vehicle and see what a reasonable person would have seen, failed to pay full time and attention to the operation of his motor vehicle, drove his motor vehicle in a manner so as to endanger the life and limb of the Plaintiff, drove his vehicle off of the traveled portion of the road and struck the Plaintiff, drove his vehicle while intoxicated or under the influence of alcohol, drove his motor vehicle in violation of applicable laws, ordinances and rules of the road, and was otherwise negligent.

65. Defendant United States of America through Defendant Dougherty were also negligent per se in that driver Defendant Dougherty failed to obey applicable laws and ordinances governing the operation of a motor vehicle in the Commonwealth of Virginia at the time of the incident, to wit: he violated Va. Code § 18.2-266 in that he drove his motor vehicle while intoxicated, Va. Code § 46.2-852 in that he drove his motor vehicle recklessly, Loudoun County Code § 466.07 in that he failed to give full time and attention to his driving, and Loudoun County Code § 466.08 in that he failed to keep his motor vehicle under proper control.

66. As a proximate result of said negligence, the Plaintiff sustained severe injuries and suffered damages, including but not limited to, pain and suffering, mental

anguish, inconvenience, scarring/disfigurement, medical expenses, disability, and will continue to suffer such damages in the future.

67. In addition, The Plaintiff has expended, and will continue to expend in the future, sums for medical care and treatment, medicines, physical therapy and other medical-related expenses, all of which were directly and proximately caused by the negligence of Defendant United States of America and employee/agent Defendant Dougherty.

68. The Plaintiff demands a bench trial on all issues related to the FTCA claim.

WHEREFORE, the Plaintiff, Darrin Curtis, demands judgment against the Defendant, the United States of America and employee/agent Defendant, Michael James Dougherty, jointly and severally, in amount of FIVE MILLION DOLLARS ($5,000,000.00) on COUNT V.

## Costs and Pre-Judgment Interest

WHEREFORE, the Plaintiff, Darrin Curtis, in consideration of all Counts contained in this Complaint against the Defendant Michael James Dougherty and Defendant United States of America, demands pre-judgment interest from September 27, 2020, plus all other costs expended by the Plaintiff in this action and any such other relief as this Court deems just and proper.

DARRIN CURTIS,
By Counsel

WEINER, SPIVEY & MILLER, PLLC.

By: _____
Lawson D. Spivey III, Esq., VSB#42411
Eugene C. Miller, Esq., VSB#24678
10605 Judicial Drive, Suite B6
Fairfax, Virginia 22030
Tel: (703) 273-9500
Fax: (703) 273-9505
LSpivey@wsminjurylaw.com
EMiller@wsminjurylaw.com